**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| MINH QUANG NGUYEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:26-cv-00220-AGF |
| | ) | |
| GARY STOLZER, Warden of Ste. Genevieve County Jail, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

Petitioner Minh Quang Nguyen filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner received a final order of removal on or around July 23, 2015, and Immigration and Customs Enforcement ("ICE") detained him at that time for several months while attempting to deport him to Vietnam. Petitioner was thereafter released on supervision because ICE could not obtain travel documents to remove him to Vietnam. After nearly 10 years, ICE revoked Petitioner's supervision and re-detained him on June 18, 2026, again with the goal of deporting Petitioner to Vietnam. Petitioner contends that his current detention violates substantive and procedural due process, the immigration statute 8 U.S.C. § 1231, the Administrative Procedure Act, and the *Accardi*[1] doctrine requiring agencies to follow their own binding rules.

In a response filed on October 14, 2026, the Government argued that Petitioner's detention comports with 8 U.S.C. § 1231 and is lawful both because the presumptively reasonable six-month detention period contemplated by *Zadvydas v. Davis*, 533 U.S. 678 (2001)

---

1 *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954).

has not yet expired and because, in any event, removal is now foreseeable in light of Vietnam's newly increased level of cooperation with the United States on repatriations.

The Government attached to its brief a declaration of deportation officer Bradley McNacy, who attested to his personal knowledge of Petitioner's immigration case. According to McNacy, the Government forwarded Petitioner's travel document request to the Vietnam Enforcement and Removal Operations ("ERO") Attache on or about September 18, 2026, and the government of Vietnam had 30 days from receipt of the request to issue a travel document. McNacy attested that, as of the date of the Government's response, Petitioner's travel document request remained pending. However, McNacy attested that the Government believed removal was significantly likely in the foreseeable future in light of the substantial increase in removals to Vietnam in recent years, following Vietnam's increased acceptance of repatriation regardless of the Vietnamese nationals' entry date into the United States. McNacy cited statistics showing a significant increase in removal of Vietnamese nationals in the last year.

In reply, Petitioner argues that the Government's citation to nationwide statistics regarding recent removals to Vietnam, alone, is insufficient to demonstrate that removal in Petitioner's specific case is foreseeable. Further, Petitioner argues that his various detention periods should be counted cumulatively and therefore deemed to have exceeded six months. Petitioner therefore maintains that his detention is unlawful and that immediate release under the prior Order of Supervision is the only adequate remedy.

Following briefing, the Court ordered the Government to provide an update on the status of Petitioner's travel document request. On November 6, 2026, the Government filed a status update and a new declaration from McNacy attesting that Vietnam has now issued a travel document for Petitioner. McNacy attests that the ERO currently possesses a photocopy of the

travel document showing an issue date of October 22, 2026 and an expiration date of April 22, 2027. McNacy attests that the ERO will soon receive a physical copy of the document and will thereafter schedule Petitioner's removal.

Upon careful consideration and in light of the Government's most recent status report, the Court will deny the habeas petition.

## BACKGROUND

Petitioner is a citizen of Vietnam who entered the United States on or about September 5, 1989, and became a lawful permanent resident on November 5, 1990. In May of 2000, Petitioner was convicted of murder in the second degree and armed criminal action in Missouri, and was sentenced to 19 years in prison. He was released from state custody into ICE custody on or about May 26, 2015. On July 23, 2015, Petitioner was ordered removed from the United States pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony. Petitioner waived appeal, so his order of removal became final. However, because Vietnam at that time refused to issue travel authorization for Petitioner, Petitioner was ultimately released into the community on an Order of Supervision on February 1, 2016, following 193 days of post-removal-order detention.

Following his release on supervision, Petitioner resided in Missouri, maintained employment, and complied with the conditions of supervision.[2] On February 8, 2026, ICE revoked Petitioner's Order of Supervision. Its Notice of Revocation of Release indicated that the purposes of release had been served, that it was appropriate to enforce the removal order entered

[2] The Government asserts and Petitioner does not contest that on or about January 4, 2017, Petitioner was arrested for rape in the second degree. However, charges were not filed and Petitioner remained on the Order of Supervision following this arrest and until his most recent detention nearly 10 years later, in June of 2026.

against Petitioner as ICE had the ability and means to effectuate his removal, and that ICE was seeking a travel document to effect Petitioner's expeditious removal to Vietnam. ECF No. 6-1 at 7-9. On June 18, 2026, when Petitioner appeared for a routine check-in, ICE served Petitioner with the Notice of Revocation, arrested Petitioner, and held an informal interview. *Id.* at 10.

Petitioner has remained in detention since his June 18, 2026 arrest while ICE attempts to effect removal. As noted above, the Government has provided evidence in the form of McNary's sworn declaration based on personal knowledge, which Petitioner has not contested, that Vietnam issued a travel document for Petitioner on October 22, 2026, that the travel document does not expire until April 22, 2027, and that it will schedule Petitioner's removal to Vietnam upon receipt the travel document.

## DISCUSSION

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdiction." 28 U.S.C. § 2241(a). "Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). A district court may grant a writ of habeas corpus if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).

Detention of noncitizens like Petitioner, who have been ordered removed from the United States, is governed by 8 U.S.C. § 1231(a). That statute provides that when a noncitizen is ordered removed, they shall be removed within 90 days, which is referred to as the "removal period." 8 U.S.C. § 1231(a)(1)(A). During the removal period, the noncitizen "shall" be detained. 8 U.S.C. § 1231(a)(2). After the 90-day removal period, "a noncitizen 'may be detained' or may be released under terms of supervision" under § 1231(a)(6). *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 575 (2022). Section 1231(a)(6) authorizes ongoing detention

after the 90-day removal period for only "four categories of people: (1) those who are 'inadmissible' on certain specified grounds; (2) those who are 'removable' on certain specified grounds; (3) those it determines 'to be a risk to the community'; and (4) those it determines to be 'unlikely to comply with the order of removal.'" *Id.* at 578–79 (quoting 8 U.S.C. § 1231(a)(6)).

Relevant here, the second category includes noncitizens like Petitioner who were ordered removed under 8 U.S.C. § 1227(a)(2) based on their criminal offenses, including noncitizens who are deportable because they were "convicted of an aggravated felony at any time after admission." 8 U.S.C. § 1231(a)(6); *see also* 1227(a)(2)(A)(iii).

In *Zadvydas*, the Supreme Court held that 8 U.S.C. § 1231(a)(6), "read in light of the Constitution's demands, limits [a noncitizen's] post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." 533 U.S. at 689. Thus, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. "[F]or the sake of uniform administration in the federal courts," the Supreme Court recognized a period of six months to be a "presumptively reasonable period of detention." *Id.* at 701. "After this 6-month period, once the [non-citizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

Here, Petitioner contends that his 193-day detention in 2015 should be counted together with his current detention from June 18, 2026 to date, and as such, should be deemed to exceed six months. Petitioner has not cited and the Court has not any found any authority from the Supreme Court or Eighth Circuit addressing this issue, but Petitioner's position that the *Zadvydas* six-month presumption of reasonableness does not apply to cases of re-detention like this finds

support in other circuits. *E.g.*, *Abedi v. Carter*, No. 25-3179, 2026 WL 3149141, at *26 (10th Cir. Oct. 21, 2026) (holding that the "*Zadvydas*'s six-month presumption applies only to the first six months that elapse after the removal period is triggered," and that for detention that "extends longer than six months or that begins more than six months after the removal period has become final[,] . . . [t]he government is simply no longer entitled to a presumption of reasonableness"); *but see Le v. Warden*, No. 4:26CV3040, 2026 WL 809308, at *7 (D. Neb. Mar. 24, 2026) ("[N[umerous courts that have rejected a 'cumulative' or 'aggregate' calculation of the detention period for purposes of the *Zadvydas* limitation and instead conclude that the clock 'restarts' when the alien is again detained.") (collecting cases).

However, the Court need not resolve this issue. Even if no presumption of reasonableness applies, Petitioner's detention is lawful under *Zadvydas* because the Government has provided evidence to show a significant likelihood of removal in the reasonably foreseeable future. Specifically, the Government has provided evidence that Petitioner's travel document was issued by Vietnam, which is the country to which he has been ordered removed, and which is valid through April 22, 2027. Petitioner has not alleged that there is any other impediment to his removal or otherwise disputed the Government's contention that it can effect removal upon receipt of the travel document.

On this record, the Court cannot conclude that there is no significant likelihood of removal in the reasonably foreseeable future so as to warrant habeas relief. *See Hiep Ta v. Warden of the Cal. City Detention Ctr.,* No. 1:26-CV-2027 DC AC, 2026 WL 3151040, at *3 (E.D. Cal. Oct. 21, 2026) (denying habeas relief based on a similar showing, following the issuance of a travel document to Vietnam and collecting cases for the same). The calculus would

change of course if no travel document was received, or if after receipt of the travel document, removal was unreasonably delayed, and Petitioner may re-file for habeas relief in such a case.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that that Petitioner Minh Quang Nguyen's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is **DENIED**.

A separate Judgment shall accompany this Memorandum and Order.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 12th day of November, 2026.